UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LLOYD FISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV01569 AGF |
| | ) | |
| JAMES GAMMON, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the petition of Missouri state prisoner Lloyd

Fisher for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the

constitutionality of two sentences entered on June 4, 1990, upon the revocation of

concurrent five-year terms of probation imposed on December 5, 1983. Petitioner claims

that his probation was revoked based upon acts he committed after his probation had

expired. He also claims that the state courts unconstitutionally denied his petitions for

state habeas relief. Respondent argues that this action is time-barred under the one year

statute of limitations of 28 U.S.C. § 2244(d)(1)(A). For the reasons set forth below, this

Court concludes that Petitioner's action is time-barred.

## BACKGROUND

On December 5, 1983, Petitioner was sentenced upon guilty pleas to one count of

---

[1]    The parties have consented to the exercise of authority by the undersigned
United States Magistrate Judge under 28 U.S.C. § 636(c).

carrying a concealed weapon (Count I) and one count of fraudulent use of a credit device (Count II). He was sentenced to five years probation on Count I, and to "4 years, suspended, and place on 5 years probation" on Count II. Pet.'s Ex. 5.A. It is undisputed that prior to sentencing, Petitioner spent 42 days in jail on these charges.

On November 9, 1988, a probation violation report was filed based upon Petitioner's arrest on November 1, 1988, on a charge of rape committed that day. Resp. Ex. C. Probation was suspended pending the outcome of the new charge. On November 1, 1989, Petitioner pled guilty to rape, attempted rape, and sodomy, and he was sentenced to concurrent terms of imprisonment of 25 years, 15 years, and 25 years, respectively. Resp. Ex. D.

On June 4, 1990, following Petitioner's admission that the sexual offenses were in violation of the terms of probation imposed on December 5, 1983, Petitioner's probation was revoked. Petitioner was sentenced on the same day to four years imprisonment on Count II (fraudulent use of a credit device), to run concurrent with his 25-year sentence for the sexual offenses; and to four years imprisonment on Count I (carrying a concealed weapon), to run concurrent with the sentence on Count II, but consecutive to the 25-year sentence. Pet.'s Ex. 6.A and 7.A.

Approximately 12½ years later, on November 6, 2002, Petitioner filed a petition for state habeas relief under Missouri Supreme Court Rule 91.01(b) with the state circuit court. Petitioner challenged the constitutionality of his November 1, 1989 guilty pleas to the sexual offenses, and also the constitutionality of procedures surrounding the June 4,

1990 probation revocation, although he did not assert that the court was without jurisdiction to revoke his probation because the probation period had already expired. Resp. Ex. E. This state habeas petition was denied on January 23, 2003. The court held that Petitioner had waived his claims regarding his November 1, 1989 guilty pleas by pleading guilty; and with respect to the claims regarding the June 4, 1990 probation revocation, that Petitioner's sentences imposed on that date had ended and that, thus, he did not fulfill the custody requirement of Rule 91.01(b). Pet.'s Ex. 1.A.

On March 17, 2003, Petitioner filed for habeas relief with the Missouri Court of Appeals. This petition, which is not in the record before the Court, was summarily denied on April 21, 2003. Pet.'s Ex. 2.A. On June 25, 2003, Petitioner sought habeas relief with the Missouri Supreme Court. In this petition, Petitioner raised the claim that the probation revocation court acted without jurisdiction in revoking Petitioner's probation as his period of probation had expired before its terms were violated. Resp. Ex. G at 13-15. The petition was summarily denied on August 26, 2003. Pet.'s Ex. 3.A.

The present federal habeas action was filed on October 31, 2003. All but three of Petitioner's grounds for relief raise the claim that the June 4, 1990 revocation of Petitioner's probation was unconstitutional because he had completed probation before violating its terms. The remaining three grounds for relief (grounds one, two, and nine) assert that Petitioner's constitutional rights were violated when each of his three state habeas petitions noted above was denied.

**<u>DISCUSSION</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for

a one-year statute of limitations for the filing of a federal habeas petition by a state

prisoner, with the limitations period beginning on the latest of four dates, including the

date relevant here: the date on which the state conviction which the petitioner challenges

"became final by the conclusion of direct review or the expiration of the time for seeking

such review."  28 U.S.C. § 2244 (d)(1)(A).

Here, following the June 4, 1990 probation revocation and imposition of

sentences, Petitioner could have filed a motion under Missouri Supreme Court Rule

24.035 challenging the state court's jurisdiction to revoke his probation.  <u>See</u> <u>Stelljes v.</u>

<u>State</u>, 72 S.W.3d 196, 199 (Mo. Ct. App. 2002) (holding that Rule 24.035 permits a claim

that the trial court lacked jurisdiction to revoke probation because the probationary term

ended; citing <u>Williams v. State</u>, 927 S.W.2d 903, 906 (Mo. Ct. App. 1996)).  As

Petitioner did not file a direct appeal, he had 90 days from the date he was delivered into

the custody of the Missouri Department of Corrections to file a Rule 24.035 motion.  Mo.

Sup. Ct. R. 24.035(b) (version in effect prior to January 2003, which enlarged time to 180

days).  This section further provides that failure to file a motion within the time provided

by the rule constitutes "a complete waiver of any claim that could be raised in a motion

filed pursuant to this Rule 24.035."  <u>Id.</u>

Petitioner did not file a Rule 24.035 motion, and thus the one-year statute of

limitations for filing his federal habeas petition began to run on June 4, 1990, <u>see</u> <u>Davis v.</u>

Purkett, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003) (stating that federal habeas statute of limitations begins to run on the day state court revokes probation), or, at the latest, ten days thereafter, the time allowed under Missouri law for filing an appeal in a criminal case. Absent tolling, the one-year limitations period thus ended well before the present action was filed in 2003.

AEDPA contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's November 6, 2002 Rule 91.01(b) motion was filed in state court after his one year to seek federal habeas relief had ended, and thus cannot be the basis for tolling. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam) (declining to decide whether a pending Rule 91 proceeding qualifies as "other collateral review" because petitioner's Rule 91 petition was not pending during the running of the one-year limitations period); Campos v. Murphy, No. 4:04CV142 RWS, 2006 WL 2917365, at *3 (E.D. Mo. Oct. 11, 2006).

Besides statutory tolling, the one year may be equitably tolled when "extraordinary circumstances" beyond the habeas petitioner's control have made it impossible for him to file a timely federal petition, or when the respondent's conduct has lulled the petitioner into inaction. Cross-Bey, 322 F.3d at 1015 (8th Cir. 2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). This doctrine gives a habeas petitioner "an exceedingly

narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). Petitioner has not asserted, nor does the Court discern, a basis for equitable tolling here.

Petitioner's remaining claims regarding the state courts' treatment of his three state habeas petitions, do not state claims cognizable in a federal habeas action. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (stating that § 2254 "only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"); Williams v. State of Mo., 640 F.2d 140, 143-44 (8th Cir. 1981) (noting that errors or defects in state post-conviction proceedings do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings).

## CONCLUSION

Petitioner's habeas action was not filed within the statute of limitations and equitable tolling of the limitations period is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Lloyd Fisher for federal habeas corpus relief is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that any and all pending motions are **DENIED** as moot.

A separate Judgment shall accompany this Memorandum and Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2007.